RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 08 / 16 / 05
BY 𝒟𝒜ℬ

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| TONIA LEWIS | CIVIL ACTION 3-04-0719 |
| VERSUS | U.S. DISTRICT JUDGE ROBERT G. JAMES |
| JO ANNE BARNHART, Commissioner | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION ON ATTORNEY FEES

In this case, plaintiff asks the court for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. 2412(d), hereinafter "EAJA" [Doc. # 13]. The government's position in this case was not substantially justified[1] and the government does not object to the award of attorney fees. However, the government does question the reasonable hourly rate sought by plaintiff and contests the amount of costs for which reimbursement is sought.

Plaintiff's attorney utilized the services of a Florida law firm, Bohr and Harrington, to assist in brief writing. The total hours for which plaintiff seeks payment are 5.9 for Mr. Rankin, 19.6 for Ms. Harrington, and 2 hours for Ms. Bohr. In addition, costs are sought in the amount of $239.40. Therefore, plaintiff seeks an award of $3,255.09.

The EAJA provides in relevant part that the amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney

---

[1] In view of the district judge having declined to adopt my Report and Recommendation, Doc. #9, it may be argued that the government's position was substantially justified. However, the government does not argue that it's position was justified. More importantly, a fair reading of the district judge's Ruling, Doc. #11, makes clear that the government's position was not substantially justified.

fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." §2412(d)(A)(ii). Plaintiff asks the court to award a rate of $151.65 for work performed in 2004 and $155.35 for work in 2005 based upon increases in the Consumer Price Index since the March 1996 enactment of the $125.00 per hour statutory figure.

The $125.00 rate can certainly be exceeded if the court determines that a higher fee is justified by inflation. However, "a district court, in its discretion, may determine that a fee below the established ceiling is a reasonable attorney's fee award based on the facts of a particular case." Hall v. Shalala, 50 F.3d 367, 370 (5th Cir. 1995). In other words, the court is not required to use the maximum inflation adjusted rate or even to award the statutory rate. The rate to be applied is to be based upon prevailing market rates subject to a statutory cap; the cap is not the baseline.

Some courts have ordered that the full inflation-adjusted fee be awarded in all cases. See Sandoval v. Apfel, 86 F.Supp.2d 601, 614 (N.D. Tex. 2000). Others have ordered that the $125.00 amount is the norm. Hasni v. Reyno, 2001 WL 128310 (E.D. La. 2001). This court has no general order in place on the issue, but the judges in this district have awarded $125.00 per hour without enhancement for inflation with few exceptions[2], finding that, in the relevant legal

---

[2] Some, and perhaps most or all, of the exceptions were authored by me. Plaintiff's attorney attaches 2001, 2002 and 2003 Orders issued by me in other cases where more than the statutory rate was allowed. However, as explained in Money v. Barnhart, 01-1252, August 15, 2003, and as repeatedly explained in rulings since that time, this district has chosen to award only the statutory rate, for reasons, among other things, of uniformity within this district. Plaintiff's attorney did not attach more recent rulings by me denying an award in excess of the statutory rate. See, for example, Money v. Barnhart, supra; Thornton v. Commissioner, #4-1245, April 22, 2005, in which plaintiff's attorney was counsel in both.

communities, $125.00 per hour is a reasonable fee[3].

I find that, in this case in the relevant legal community, a fee of $125.00 per hour is a reasonable attorney fee and serves the goals of the EAJA by helping to ensure an adequate source of representation in social security appeals and minimizing the cost of that representation to the taxpayers. See Hall, 50 F.3d at 369. The award also serves to maintain consistency among the judges in this district. See this court's ruling in Money v. Barnhart, #1-1252, WDLA, Monroe Division, August 15, 2003.

The government also asserts that plaintiff has supported only $67.32 of her claimed costs in the amount of $217.32 in this case. However, it as apparent that the remaining $150 is the filing fee in this court, which is awardable.

Conclusion

For the foregoing reasons, IT IS RECOMMENDED that attorney's fees in the amount of $3437.50 (27.5 hours x $125.00 per hour)and costs in the amount of $217.32 be awarded and ordered paid.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final

---

[3] Plaintiff attaches the 2001 affidavit of Ben R. Hanchey, an esteemed member of the Monroe Louisiana bar, who attests that a reasonable fee is $150 to $200 per hour. However, the judges of this district have determined otherwise in the Social Security context..

ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

E-SIGNED in chambers, in Alexandria, Louisiana, on this the 15th day of August 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE